UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BERNABE GODINEZ HERNANDEZ, | Case No. 3:26-cv-00219-ART-CSD |
| Petitioner, | SCREENING AND SERVICE ORDER |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioner Bernabe Godinez Hernandez, an immigration detainee who is challenging the lawfulness of his federal detention at the Washoe County Detention Center, has filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, moved for a temporary restraining order, and paid his filing fee. (ECF Nos. 1 ("Petition"), 2 ("Motion").) The case was initiated around mid-day on a Friday and assigned to a judge the following Monday morning. Following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] the Court finds that the Petition establishes a *prima facie* case for relief, so it directs that it be served on the United States Attorney's Office for the District of Nevada (USAO) and sets a briefing schedule.

It is therefore kindly ordered that the Clerk of Court:

1. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **MAIL** a copy of the Petition (ECF No. 1), Motion (ECF No. 2), and this

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

1

Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Darin Balaam, Sheriff, Washoe County Detention Center, 911 E. Parr Blvd., Reno, NV 89512.

3. **SEND** a copy of the Petition (ECF No. 1), Motion (ECF No. 2), and this Order via a courtesy email, through CM/ECF, to Assistant District Attorney Cobi Burnett of the Washoe County District Attorney's Office at CBurnett@da.washoecounty.gov.

It is further ordered that counsel for Respondents file a notice of appearance and file and serve their answer to the Petition and their response to the Motion by Friday, April 3, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading, including an affidavit or other documentary evidence relating to the status of Petitioner's grant of deferred action.[2] Petitioner will then have until Monday, April 6 at 12:00 p.m. to file a reply to both the answer and the response.

It is further ordered that a hearing will be held on the petition and motion for temporary injunctive relief on Monday, April 6, 2026, at 3:30 p.m. before U.S. District Judge Anne R. Traum, in Reno Courtroom 6.

It is further ordered that Respondents must produce the Petitioner to attend the hearing in person. If it is impossible for Respondents to produce him, they shall swear out an affidavit explaining why they cannot, and what official, if any, has the ability to do so.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that Respondents shall not transfer Petitioner out of this District unless the Court grants a motion or stipulation to modify this order.[3]

DATED THIS 30th day of March, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").