UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BERNABE GODINEZ HERNANDEZ,

Plaintiff,

v.

MARKWAYNE MULLIN *et al.*,

Defendants.

Case No. 3:26-cv-00219-ART-CSD

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)

## I.      Introduction

Petitioner Bernabe Godinez Hernandez argues that his immigration-related detention is in excess of statutory authority and unconstitutional, and seeks release on a writ of habeas corpus. (ECF No. 1.) Mr. Godinez Hernandez claims that the only purpose of detention under 8 U.S.C. § 1231(a) is to effectuate removal, and he cannot be removed because he has deferred action. The Court now grants the writ and orders release.

## II.     Background

Mr. Godinez Hernandez was removed in 2011, then reentered the United States later that year. (ECF No. 14.) Since then, he has remained in the country. (*Id.*) In 2018, Mr. Godinez applied for U nonimmigrant status as a derivative beneficiary. (*Id.*) In response to his application, USCIS issued him a bona fide determination ("BFD") on April 6, 2023, which included deferred action for a period of four years. (ECF No. 1-3.) The BFD letter also stated that "[d]eferred action is an act of administrative convenience to the government which gives some cases lower priority for removal." (*Id.*)

1

Mr. Godinez Hernandez was recently detained by DHS. Respondents say that he is subject to reinstated removal, and that the purpose of his detention is "to effectuate the final removal order." (ECF No. 12 at 11.) Although Mr. Godinez Hernandez was detained in the Washoe County Detention Center at the time when his petition was filed, he was later moved to the Florence Service Processing Center in Arizona, and then on March 29, 2026, to the Florence Correctional Center. The Washoe County Sheriff Darin Balaam has been dismissed from this case by stipulation.[1] (ECF No. 7.)

### III.  Jurisdiction

The Court has jurisdiction over Mr. Godinez Hernandez's case under 28 U.S.C. § 2441. Respondents argue that the Court lacks jurisdiction over Petitioner's habeas claims because of the jurisdiction-stripping provisions of 8 U.S.C. §§ 1252(g) and 1252(b)(9). But neither of those rules deprive district courts of jurisdiction to hear challenges to confinement, as distinct from challenges to removal and actions taken in furtherance of a removal proceeding.

First, the Supreme Court has limited the reach of § 1252(g). That section deprives courts of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." The Supreme Court has named these factors the "three discrete events along the road to deportation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

---

[1] Petitioners must name their immediate custodian as a respondent, but as long as they meet this requirement at the time of filing, jurisdiction is proper. *Doe v. Garland,* 109 F.4th 1188, 1194–95 (9th Cir. 2024); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change"). Since Mr. Godinez Hernandez named Sheriff Balaam as a respondent at the time of filing, he has met this requirement.

Second, the Supreme Court has rejected Respondents' argument that Section 1252(b)(9) is a jurisdictional bar to district court review of immigration detention. That section provides that "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States" is only proper before the appropriate federal court of appeals in the form of a petition for review of a final removal order. Id. The Supreme Court has squarely held that Section 1252(b)(9) does not deprive federal courts of jurisdiction to decide whether certain statutory provisions require detention without a bond hearing. *Jennings v. Rodriguez,* 583 U.S. 281, 292 (2018). Once again, "claims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Gonzalez v. U.S. Immig. and Cust. Enf't,* 975 F.3d 788, 810 (9th Cir. 2020); *see Nielsen v. Preap,* 586 U.S. 392, 402 (2019).

## IV.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr,* 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001); *see also Demore v. Kim,* 538 U.S. 510, 517 (2003).

## V.    Analysis

At a hearing on the petition, Respondents agreed that Mr. Godinez Hernandez has deferred action. (ECF No. 1-3.) Respondents also agreed that if he cannot be removed, he cannot be detained under 8 U.S.C. § 1231(a). Mr. Godinez Hernandez's detention therefore turns on a pure question of law: whether a grant of deferred action prevents the Government from removing him. As other courts in this circuit have repeatedly found, the answer must be yes. *Sepulveda Ayala v. Bondi,* 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

A person with a valid grant of deferred action cannot be removed. Mr. Godinez Hernandez's interpretation of deferred action finds strong support in established precedent. The Supreme Court described deferred action as meaning that "no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." *Am.-Arab Anti-Discrimination Comm.,* 525 U.S. at 484 (internal citations and quotations omitted). The Ninth Circuit has consistently held that deferred action means the Government agency "takes no action to proceed against an apparently deportable alien." *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119 n.3 (9th Cir. 2001) (internal citations and quotations omitted).

Consistent with these binding authorities, district courts in the Ninth Circuit have consistently held that deferred action prevents removal. *See, e.g. Ariz. Dream Act Coal. v. Brewer*, 81 F. Supp. 3d 795, 800 (D. Ariz. 2015) (defining deferred action, generally, as "a form of prosecutorial discretion" by which the Secretary of Homeland Security "decide[s] not to pursue the removal of a person unlawfully in the United States"); *Lee v. Holder,* 599 F.3d 973, 974–75 (9th Cir. 2010) (interim relief program providing deferred action to U-visa applicants prevented their removal from the United States); *De Sousa v. Dir. of U.S. Citizenship and Immigr. Servs.*, 755 F. Supp. 3d 1266, 1268 (N.D. Cal. 2024) (holding interim benefit of deferred action "protects [noncitizens] against removal

4

from the United States" while U-visa applicants wait for a visa to become available under the statutory cap); *Medina v. U.S. Dep't of Homeland Sec.*, 408 F. Supp. 3d 1224, 1228 (W.D. Wash. 2019) ("Being approved for DACA status is essentially a conditional promise from the Government that it will not seek removal for the applicable term.").

USCIS, the DHS sub-agency that granted Mr. Godinez Hernandez deferred action, defines deferred action as "a form of prosecutorial discretion to defer removal action (deportation) against an alien for a certain period of time. Aliens granted deferred action are considered to be in a period of stay authorized under USCIS policy for the period deferred action is in effect." USCIS Policy Manual, Vol. 1, Part H, Ch. 2(A)(4), https://www.uscis.gov/policy-manual/volume-1-part-h-chapter-2 (last visited July 24, 2025).

In this case, it is undisputed that Mr. Godinez Hernandez has deferred action, and that the Government is detaining him to remove him. Under law, a person with deferred action is not removable. This Court joins others in the Ninth Circuit that have held that noncitizens subject to deferred action cannot be detained for the purposes of effectuating their removal. *See, e.g. Ayala v. Bondi*, No. 2:25-CV-01063-JNW-TLF, 2025 WL 2209708, at *3 (W.D. Wash. Aug. 4, 2025) (granting habeas petition and ordering release where a petitioner could not be lawfully detained pursuant to 8 U.S.C. § 1231(a) because he obtained deferred action pursuant to a U nonimmigrant status BFD, and because deferred action prevents removal); *B.D.A.A. v. Bostock*, No. 25-CV-2062, 2025 WL 3484912, at *6 (D. Or. Dec. 4, 2025); *Palencia v. Hermosillo*, No. 2:25-CV-02669-BAT, 2026 WL 125141, at *9 (W.D. Wash. Jan. 16, 2026).

**VI.    Conclusion**

It is therefore ordered that Petitioner's writ of habeas corpus (ECF No. 1) is GRANTED.

It is further ordered that Respondents shall IMMEDIATELY RELEASE Petitioner from detention ON HIS OWN RECOGNIZANCE, and in any event no later than 5:00 p.m. TODAY April 7, 2026. Respondents are directed to coordinate with the Warden of the Florence Correctional Center as necessary.

The Clerk of Court is kindly directed to mail a courtesy copy of the Petition (ECF No. 1) and this Order pursuant to Fed. R. Civ. P. 4(i)(2) to the Warden of the Florence Correctional Center, 1155 North Pinal Parkway, Florence, AZ 85132.

It is further ordered that Respondents will provide a status report as to Petitioner's release within seven days of this Order.

Dated this 7th day of April, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE